ROBERT J. ALBERTINI and PATRICIA I. ALBERTINI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Albertini v. Commissioner
Docket No. 3286-80.
United States Tax Court
T.C. Memo 1981-619; 1981 Tax Ct. Memo LEXIS 114; 42 T.C.M. (CCH) 1518; T.C.M. (RIA) 81619; October 26, 1981. Vincent L. Alsfeld, for the petitioners. Maureen T. O'Brien, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $ 8,617 in petitioners' Federal income tax for 1978. The issues presented are whether payments to petitioner Robert J. Albertini while he was participating in a second-career training program are excludible from gross income under section 104(a)(1), [1] and whether petitioners are entitled to *115 certain deductions under section 213 for medical expenses. All the facts have been stipulated and are found accordingly. Petitioners, Robert J. Albertini and Patricia I. Albertini, resided in Amherst, N.H., when they filed their petition herein. Robert J. Albertini (hereinafter petitioner) was employed by the Department of Transportation, Federal Aviation Administration (FAA), as an air traffic controller until the fall of 1977. During 1977, it was determined that petitioner would be removed from his position as an air traffic controller because he suffered from symptomatic heart disease, and the medication necessary to control his symptoms precluded him from performing his duties as a controller. Petitioner requested and was approved for second-career training pursuant to 5 U.S.C. section 3381. His program of training was in horticulture and was to last two years--from December 1977 to December 1979. During the two-year training program, petitioner was retained at his last assigned civil service *116 grade and rate of basic pay as a controller and received increases in basic pay authorized by law. Petitioner excluded from gross income in 1978 the entire $ 31,905.72 paid to him by the FAA in that year. Amounts paid to petitioner during his two-year retraining program, including the $ 31,905.72 paid in 1978, were paid by the FAA in its capacity as an employer. Section 104(a)(1) provides that, except in the case of amounts attributable to deductions allowed under section 213 for any prior taxable year, gross income does not include "amounts received under workmen's compensation acts as compensation for personal injuries or sickness." Section 1.104-1(b), Income Tax Regs., interprets the statute as also excluding amounts paid "under a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment." Petitioner argues that the payments he received, which were measured by the rate of his basic pay as a controller, were payments made in lieu of workmen's compensation and are, therefore, excludible under section 104(a)(1). Respondent counters that petitioner has not established *117 that these payments were or should be recharacterized as being in the nature of workmen's compensation. In Gallagher v. Commissioner, 75 T.C. 313 (1980), we held that payments received during a retraining program pursuant to 5 U.S.C. section 3381 were not compensation for personal injuries or sickness and, therefore, did not fall within the ambit of section 104(a)(1). [2] We find no meaningful distinction between Gallagher and the case before us. [3] Nor do we see any reason to reexamine our holding in Gallagher. Thus, petitioner may not exclude the payments received by him in 1978. *118 On their joint Federal income tax return filed for 1978, petitioners deducted $ 1,528 as medical expenses under section 213. In his statutory notice of deficiency, respondent disallowed those deductions because no amounts were expended for "medical care" within the meaning of section 213(e). Petitioners bear the burden of proof, Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure, and offered no evidence with respect to the claimed medical expense deductions. Thus, we must sustain respondent's disallowance of those deductions. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. See also Watson v. Commissioner, T.C. Memo. 1981-465↩. 3. Petitioner seeks to distinguish Gallagher v. Commissioner, 75 T.C. 313↩ (1980), because the retraining program gave the employer "an extended period within which to determine the extent of the disability and the final disability award." It appears from exhibits attached to the stipulation of facts herein, that petitioner at some time applied for and was approved for some type of disability payments. That is all we can ascertain from those exhibits. We do not see how any other payments would alter the natureof the payments at issue herein. During 1978, petitioner did not receive any disability compensation from the Department of Labor under the Federal Employees Compensation Act.